UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN NOAH SHAPIRO,<br>12 James Way<br>Cambridge, MA 02141<br><br>PLAINTIFF<br><br>vs.<br><br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br><br>DEFENDANT | )<br>)<br>)  Judge _____<br>)  Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

### THE PARTIES

1.      Plaintiff Ryan Noah Shapiro is a citizen of Massachusetts residing at 12 James Way, Cambridge, MA 02141.

2.      Plaintiff is a Ph.D. candidate in the Department of Science, Technology, and Society at the Massachusetts Institute of Technology. Plaintiff specializes in research and analysis of conflicts at the nexus of American national security, law enforcement, and political dissent.

3.      Defendant Department of Justice (DOJ) is an agency of the United States.

4.      The Federal Bureau of Investigation (FBI) is a component of the DOJ. The FBI has possession, custody and control of the records Plaintiff seeks.

<u>JURISDICTION AND VENUE</u>

5.      This action arises under the Freedom of Information Act ("FOIA").

6.      This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

7.      Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

<u>STATEMENT OF FACTS</u>

**BACKGROUND**

8.      The Occupy Movement is a people-initiated movement that commenced with Occupy Wall Street in Zucotti Park in Manhattan's Financial District in New York City on September 17, 2011.  At its peak, Occupy had spread to hundreds of cities, towns and states in the United States and to more than 1,500 locations worldwide.  The movement has sought to expose how the wealthiest 1% of society promulgates an unfair global economy that harms people and destroys communities worldwide.

9.      Houston, Texas was one such American city to which the Occupy movement had spread.

10.     This FOIA case relates to Occupy Houston, law enforcement's response to it, and a plot to assassinate its leaders. It remains unknown to the public whether the assassination plot was undertaken by law enforcement or non-governmental actors.

11.     The existence of the assassination plot became known to the public after the FBI released records in response to a FOIA request.  According to one of the released records, "An identified [REDACTED] as of October planned to engage in sniper attacks against protestors in Houston, Texas, if deemed necessary. . . . [REDACTED] planned to gather intelligence against the leaders of the protest groups and obtain photographs, then

2

formulate a plan to kill the leadership via suppressed sniper rifles . . . . 'Occupy Wall Street' protests have spread to about half of all states in the US[.]"

12.     Another released record noted, "On 13 October 2011, writer sent via email an excerpt from the daily [REDACTED] regarding FBI Houston's [REDACTED] to all IAs, SSRAs and SSA [REDACTED] This [REDACTED] identified the exploitation of the Occupy Movement by [REDACTED] interested in developing a long-term plan to kill local Occupy leaders via sniper fire."

13.     Plaintiff has submitted three FOIA/PA requests to the FBI in order to obtain further records related to the law enforcement response to Occupy Houston, the sniper plot, and the source of the information about the sniper plot.

14.     There is presently a vigorous and extraordinarily important debate in the United States about the authority of the government to conduct extrajudicial killings on American soil.  The records sought by Plaintiff would likely be an invaluable contribution to the public discourse on this issue.

15.     It would also be a significant controversy if it was revealed that the FBI deliberately failed to act to prevent a plot to assassinate American protest leaders.

## PLAINTIFF'S FOIA/PA REQUESTS

16.     On December 31, 2012, Plaintiff sent a FOIA/PA request to the FBI via Certified Mail (#7012 1010 0003 3673 3212) seeking a copy of records relating or referring to "a potential plan to 'gather intelligence against the leaders of [Occupy Wall Street-related protests in Houston, Texas] and obtain photographs, then formulate a plan to kill the leadership [of the protests] via suppressed sniper rifles'" (brackets in original). Attached to his request, Plaintiff included FBI documents discussing the plan, which

were previously released by the FBI in response to another FOIA request.  Plaintiff requested a fee waiver and expedited processing for the request.

17.     According to the records of the U.S. Postal Service, the FOIA/PA request described in the previous paragraph was received by the FBI on January 2, 2013.

18.     On December 31, 2012, Plaintiff also sent a FOIA/PA request to the FBI via Certified Mail (#7012 1010 0003 3673 3229) seeking a copy of records relating or referring to "Occupy Houston, any other Occupy Wall Street-related protests in Houston, Texas, and law enforcement responses to the above protests."  Plaintiff requested a fee waiver and expedited processing for the request.

19.     According to the records of the U.S. Postal Service, the FOIA/PA request described in the previous paragraph was received by the FBI on January 2, 2013.

20.     On January 4, 2013, Plaintiff sent, under one cover, a set of two FOIA/PA requests to the FBI via Express Mail (#EI 2991 33442 US) seeking the same records. This second set of requests differed from the previous set of requests in that the former, among other things, requested complete cross-reference searches.  In an attached cover letter Plaintiff explained that he was withdrawing the first set of requests and substituting this second set of requests in its place.

21.     According to the records of the U.S. Postal Service, the FOIA/PA request described in the previous paragraph was received by the FBI on January 7, 2013.

22.     However, Plaintiff's second set of requests, described in the previous paragraph, inadvertently omitted Plaintiff's signature immediately below his request for expedited processing.  Therefore, out of an abundance of caution, later on January 4, 2013, Plaintiff sent to the FBI via Express Mail (#EI 2991 33500 US) a third set of requests, identical to the second set, but including his signature immediately below his request for expedited processing.

23.     According to the records of the U.S. Postal Service, the FOIA/PA request described in the previous paragraph was received by the FBI on January 7, 2013. In a letter sent to Plaintiff dated January 11, 2013, the FBI acknowledged receipt of Plaintiff's FOIA/PA requests described in the previous paragraph and assigned them tracking numbers 1205920-000 (Occupy Houston sniper plot) and 1206188-000 (Occupy Houston law enforcement response).

24.     On January 5, 2013, Plaintiff emailed Dennis Argall, FBI FOIA Liaison, explaining the reasons for the three sets of requests and requesting that the first two sets of requests be withdrawn, with the third set of requests taking their place.

25.     On January 9, 2013, Plaintiff again emailed Dennis Argall in order to clarify that: 1) Plaintiff was asking that his first two sets of requests be withdrawn; 2) that the third set of requests be processed in their place; 3) that Plaintiff was requesting full cross-reference searches; 4) that Plaintiff's third set of requests contained his signature beneath the request for expedited processing.

26.     On February 8, 2013, Plaintiff sent a FOIA/PA request to the FBI via Certified Mail (#7012 1010 0003 3674 4553) seeking a copy of records relating or referring to "the information source redacted (by the FBI) and highlighted (by me) in the attached 19 October 2011 FBI document released in the course of a separate FOIA request." Attached to his request, Plaintiff included FBI documents discussing the plan, which were previously released by the FBI in response to another FOIA request.  Plaintiff requested a fee waiver and expedited processing for the request.

27.     According to the records of the U.S. Postal Service, the FOIA/PA request described in the previous paragraph was received by the FBI on February 14, 2013.  The FBI did not send Plaintiff an acknowledgment letter regarding the request described in the previous paragraph.  However, according to an April 15, 2013 email from Dennis

Argall to Plaintiff, the FBI treated the request described in the previous paragraph as a "re-open" of 1205920 and assigned it tracking number 1205920-001.

## FBI'S RESPONSE TO PLAINTIFF'S FOIA/PA REQUESTS

28.     Plaintiff received a letter from the FBI dated February 28, 2013 regarding his FOIA/PA request (1205920-000), stating that after searching its Central Records System, the FBI was not able to identify any main file records responsive to the request.

29.     Plaintiff received a letter from the FBI dated February 28, 2013 regarding his FOIA/PA request (1206188-000), stating that after searching its Central Records System, the FBI was not able to identify any main file records responsive to the request.

30.     Plaintiff received a letter from the FBI dated March 8, 2013 regarding his FOIA/PA request (1205920-001), stating, "The referenced documents relate to someone else, and disclosure of third party information is considered an unwarranted invasion of privacy.  Absent proof of death or a privacy waiver from the individuals involved, these records are exempt from disclosure pursuant to Title 5, United States Code, Section 552, exemptions (b)(6) and (b)(7)(C)."

31.     Plaintiff has received no communications from the FBI concerning whether his requests for a fee waiver and expedited processing were granted.

## ADMINISTRATIVE APPEALS OF PLAINTIFF'S FOIA/PA REQUESTS

32.     On March 6, 2013, Plaintiff sent a letter to DOJ'S Office of Information Policy (OIP) via Certified Mail (#7012 1010 0003 3674 4669) appealing the denial of two of his requests for records under FOIA/PA (1205920-000 and 1206188-000).  In his appeal, Plaintiff challenged the sufficiency of the searches and provided a list of locations

not searched by the FBI which could reasonably be expected to contain responsive records.

33.     In a letter sent to Plaintiff dated March 21, 2013, OIP acknowledged that it received Plaintiff's appeal from the denial of his FOIA/PA request (1205920) on March 11, 2013 and advised Plaintiff that the appeal had been assigned tracking number AP-2013-02378.

34.     In a letter sent to Plaintiff dated March 21, 2013, OIP acknowledged that it received Plaintiff's appeal from the denial of his FOIA/PA request (1206188) on March 11, 2013 and advised Plaintiff that the appeal had been assigned tracking number AP-2013-02377.

35.     Pursuant to 5 USC § 552(a)(6)(A)(ii), a response to Plaintiff's FOIA/PA appeals (AP-2013-02377 and AP-2013-02378) was due within 20 working days, or April 8, 2013.

36.     As of the filing of this Complaint, Plaintiff has not received a response from OIP making a determination as to his FOIA/PA appeals (AP-2013-02377 and AP-2013-02378).

37.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies because Defendant has failed to comply with the statutory time limit.

38.     On March 13, 2013, Plaintiff sent a letter to OIP via Certified Mail (#7012 1010 0003 3674 4560) appealing the denial of his requests for records under FOIA/PA (1205920-001).  In his appeal, Plaintiff challenged the sufficiency of the searches and provided a list of locations not searched by the FBI which could reasonably be expected to contain responsive records; the FBI's failure to release segregable portions of records; and the FBI's invocation of exemptions (b)(6) and (b)(7)(C).  Plaintiff's appeal

demonstrated that any privacy interest involved is minimal, while the public interest in uncovering details of a plot to assassinate Occupy leaders was extraordinary.  In support of his position, Plaintiff cited extensively to news media coverage of related controversies.

39.     In a letter sent to Plaintiff dated April 3, 2013, OIP acknowledged that it received Plaintiff's appeal from the denial of his FOIA/PA request (1205920-001) on March 19, 2013 and advised Plaintiff that the appeal had been assigned tracking number AP-2013-02550.

40.     Pursuant to 5 USC § 552(a)(6)(A)(ii), a response to Plaintiff's FOIA/PA appeal (AP-2013-02550) was due within 20 working days, or April 16, 2013.

41.     As of the filing of this Complaint, Plaintiff has not received a response from OIP making a determination as to his FOIA/PA appeal (AP-2013-02550).

42.     Under 5 USC § 552(a)(6)(C)(i), Plaintiff is deemed to have exhausted his administrative remedies because Defendant has failed to comply with the statutory time limit.

COUNT I:
VIOLATION OF FOIA

43.     This Count realleges and incorporates by reference all of the preceding paragraphs.

44.     Each of the documents referred to in this Complaint is incorporated herein by reference.

45.     Defendant has violated FOIA by failing to adequately search for and produce records responsive to Plaintiff's FOIA/PA requests (1205920-000, 1205920-001, and 1206188-000).

46.     Defendant has violated FOIA by improperly invoking exemptions (b)(6) and (b)(7)(C) in response to Plaintiff's FOIA/PA request (1205920-001), and by failing to release segregable portions of responsive records.

47.     Defendant has violated FOIA by failing to timely respond with a determination as to Plaintiff's FOIA/PA appeals (AP-2013-02550, AP-2013-02377 and AP-2013-02378).

48.     Defendant has violated FOIA by failing to respond to Plaintiff's fee waiver requests (1205920-000, 1205920-001, and 1206188-000).  Plaintiff is entitled to a fee waiver for the reasons sets forth in his FOIA/PA requests.

49.     Plaintiff has been and will continue to be irreparably harmed until Defendant is ordered to comply with Plaintiff's FOIA/PA request.


PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:


(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Enjoin Defendant from continuing to withhold the records responsive to Plaintiff's FOIA/PA request and otherwise order Defendant to produce the requested records without further delay;

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(4) Grant Plaintiff such other and further relief which the Court deems proper.


Respectfully Submitted,


\_\_/s/ Jeffrey Light_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*