UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
RYAN NOAH SHAPIRO,              )
                                )
        Plaintiff,              )
                                )
    v.                          ) Civil Action No. 13-595 RMC
                                )
U.S. DEPARTMENT OF JUSTICE,     )
                                )
        Defendant.              )
                                )
```

REPLY TO PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

INTRODUCTION

Plaintiff has not raised sufficient question regarding the material facts at issue successfully to challenge the grant of summary judgment or dismissal for Defendant in this Freedom of Information Act case.

ARGUMENT

No dispute is lodged regarding the authenticity of communications that were provided to the Court. See Defendant's Statement Of Material Facts As To Which There Is No Genuine Issue ("SMF"), ¶ 1 (citing Declaration Of David M. Hardy ("Hardy Decl."), ¶¶ 5-39 and Exhibits A through P); Plaintiff's Response to Defendant's Statement Of Material Facts As To Which There Is No Genuine Issue ("Pl's SMF Resp."), ¶ 1.  Nor does Plaintiff challenge the accuracy of Mr. Hardy's explanation of the efforts

expended by the FBI to search for records responsive to Plaintiff's requests. SMF, ¶ 3; Pl's SMF Resp., ¶ 3.

Indeed, none of the facts reflected in Defendant's Statement Of Material Facts As To Which There Is No Genuine Issue is challenged on the basis that the facts are controverted by contrary record evidence. See Plaintiff's Pl's SMF Resp., ¶¶ 2, 4-19. Instead, Plaintiff only disputes what are described as legal conclusions. Id. The underling factual assertions remain uncontroverted, and may, therefore, be accepted as true. See Fed. R. Civ. P. 56(e); Local Civ. R. 7(h). Thus, this Court would not abuse its discretion in employing Local Civ. R. 7(h) and this Court's analysis in Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 150-54 (D.C. Cir. 1996) (allowing District Court to deem admitted facts set forth by a party in support of summary judgment that are not properly controverted by the opposing party); Gardels v. CIA, 637 F.2d 770, 773 (D.C. Cir. 1980); SEC v. Banner Fund Int'l, 211 F.3d 602, 616 (D.C. Cir. 2000) (If the party opposing the motion fails to comply with this local rule, then the district court is under no obligation to sift through the record and should instead deem as admitted the moving party's statement).[1]

---

[1] A potential exception to this general rule is the requirement that the Court conduct an analysis of the segregability of documents in a FOIA case even if not challenged by the plaintiff. See Trans-Pacific Policing Agreement v.

Plaintiff argues that the Agency has not satisfied the requirements of the various exemptions, suggesting that more information is needed to assess properly the applicability of 5 U.S.C. § 552(b)(1), (3), (6), (7)(A), (7)(C), (7)(D) and (7)(E) to the withholdings. Although not conceding that any further information was needed given the details provided in the First Hardy Declaration, the Agency has provided further information, where possible without disclosing the very information that is protected from disclosure. See Second Hardy Declaration, ¶¶ 4, 14-26.[2] For ease of reference, the Court may wish to take note

---

United States Customs Service, 177 F.3d 1022 (D.C. Cir. 1998). Defendant submits that the facts set forth in the Declaration of David Hardy ("Hardy Decl.") and the Second Hardy Declaration adequately explain how the FBI has satisfied that obligation. Def's SMF, ¶¶ 17-19; Hardy Decl., ¶¶ 1, 39, 43, 47, 49-51, 55, 60, 64-65, 69-71, 74, 76, 78-80, 84-85 and Exhibit P; Second Hardy Decl., ¶¶ 13, 23, 30, 32.

[2] The Second Hardy Declaration does reflect a single instance where a mistake was identified in the basis for one redaction listed on a document produced at page Shapiro-13. The coding correctly indicated application of Exemption (b)(7)(D), but the assurance of confidentiality was implied rather than express. See Second Hardy Decl., 23 fn.5.

- 3 -

of the following specific paragraphs in the Second Hardy Declaration, which address the following issues:

| ISSUE | PARAGRAPH |
|---|---|
| Adequacy of Search | 5-12 |
| Segregability | 13,23,30,32 |
| Exemption (b)(1) | 15 |
| Exemption (b)(3) | 16 |
| Exemption (b)(7) generally | 17-20 |
| Exemption (b)(7)(A) | 21-23 |
| Exemption (b)(6)/(7)(C) | 24 |
| Exemption (b)(7)(D) | 25-26 |
| Exemption (b)(7)(E) | 27-30 |
| Which documents respond to which request | 31 |

Plaintiff does not challenge the redactions of the names and/or identifying information of FBI Special Agents and support personnel, the names of third parties who are merely mentioned, or the names of non-FBI federal government personnel. See Pl. Opp. at 27. Plaintiff does attempt to cast doubt on the declaration of Mr. Hardy, because he has provided the same or similar factual information in past cases. In none of those cases does Plaintiff proffer that the Court has made any finding of untruthfulness. Indeed, this Court in Truthout v. Department of Justice, Civil Action No. 12-1660 RMC, relying on the declarations provided there by Mr. Hardy, found that summary judgment in favor of the defendant was appropriate. See Truthout v. Department of Justice, Civil Action No. 12-1660 RMC, ____ F.Supp.2d ___, 2013 WL 3742496 (D.D.C. July 17, 2013). The same result should follow in the instant action.

If the Court were to conclude that further assessment of the details of the documents withheld is necessary, Defendant proposes an <u>in camera</u> submission.  But, Defendant submits, the nearly 60 pages of declarations with detailed information as to the databases available, the searches conducted, the bases for the withholdings and the efforts to disclose as much as possible without releasing information that is subject to one or more exemptions more than satisfies the FOIA.

CONCLUSION

WHEREFORE, for the reasons previously set forth in support of Defendant's Memorandum Of Points And Authorities In Support Of Motion To Dismiss Or, In The Alternative, For Summary Judgment, and set forth herein and in the declarations submitted in support of summary judgment, the above civil action should be dismissed as moot, and/or summary judgment entered in favor of the defendant.

    Respectfully submitted,

    RONALD C. MACHEN JR., DC Bar #447889
    United States Attorney
    for the District of Columbia


    DANIEL F. VAN HORN, DC Bar #924092
    Chief, Civil Division


By: _____/s/
    W. MARK NEBEKER, DC Bar #396739
    Assistant United States Attorney
    555 4th Street, N.W.
    Washington, DC  20530
    (202) 514-7230
    mark.nebeker@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply To Plaintiff's Opposition To Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment and declaration has been made through the Court's electronic transmission facilities on the 30th day of July, 2013.

_____/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230
